IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:11CR336 |
| vs. | ) | |
| | ) | **PRELIMINARY ORDER** |
| SCOTTY LEE CLARK, | ) | **OF FORFEITURE** |
| | ) | |
| Defendant. | ) | |

This matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 23). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant has entered into a Plea Agreement, whereby he has agreed to plead guilty to Count II and the Forfeiture Allegation of said Indictment. Count II charged the Defendant with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). The Forfeiture Allegation sought the forfeiture, pursuant to 21 U.S.C. § 853, of $540.00 in United States currency on the basis it was used or was intended to be used to facilitate said controlled substance violation and/or was derived from proceeds obtained directly or indirectly as a result of the commission of said controlled substance violation.

2. By virtue of said plea of guilty, the Defendant forfeits his interest in the subject currency, and the United States should be entitled to possession of said currency, pursuant to 21 U.S.C. § 853.

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A.   The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B.   Based upon the Forfeiture Allegation of the Indictment and the Defendant's plea of guilty, the United States is hereby authorized to seize the $540.00 in United States currency.

C.   The Defendant's interest in the $540.00 in United States currency is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned currency is to be held by the United States in its secure custody and control.

E.   Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official internet government forfeiture site ([www.forfeiture.gov](www.forfeiture.gov)) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the currency in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject currency must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.   Said published notice shall state the Petition referred to in Paragraph E, above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the currency, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject currency and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the currency subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

ORDERED this 23rd day of May, 2012.

BY THE COURT:

*s/ Joseph F. Bataillon*
United States District Court Judge